UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| WESTERN-SOUTHERN LIFE ASSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SHANNON NICOLE DAVES and KIMBERLY DAWN EVANS, as Executor of the Estate of Roger M. Evans,<br><br>Defendants. | CIVIL ACTION NUMBER:<br><br>1:23-cv-00003<br><br>COMPLAINT FOR INTERPLEADER |

Plaintiff Western-Southern Life Assurance Company ("Western-Southern"), for its Complaint in Interpleader, and pursuant to Rule 22 of the Federal Rules of Civil Procedure, alleges as follows:

## PARTIES

1. Western-Southern is an insurance company existing under the laws of the State of Ohio with its principal place of business in Ohio. For purposes of diversity jurisdiction, Western-Southern is a citizen of the State of Ohio.

2. Defendant Shannon Nicole Daves ("Daves") is a citizen and resident of North Carolina, residing at 37 Copper Mill Court, Candler, North Carolina 28715.

3. Upon information and belief, Kimberly Dawn Evans, as Executor of the Estate of Roger M. Evans ("Evans"), is a resident of North Carolina. A probate case for the Estate of Roger M. Evans was opened in the General Court of Justice, Superior Court Division, in Buncombe County, North Carolina, File No. 2020 E 001984.

1

4. Roger Michael Evans ("Decedent") was the insured under a life insurance policy described below. Daves is the Decedent's surviving fiancée, and Evans is the Decedent's surviving sister.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the plaintiff's citizenship is diverse from all defendants.

6. This Court has personal jurisdiction over Daves and Evans because they all reside in North Carolina and otherwise have sufficient minimum contacts with the State of North Carolina where the exercise of personal jurisdiction comports with due process and does not offend traditional notions of fair play and substantial justice.

7. Venue is proper in the U.S. District Court for the Western District of North Carolina pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because (i) all defendants are residents of North Carolina, and Daves resides in Buncombe County, which is part of the Western District of North Carolina; and (ii) the life insurance policy which is the subject matter of the present action was issued in and a substantial part of the events giving rise to the present claim occurred in Buncombe County, which is part of the Western District of North Carolina.

## CLAIM FOR INTERPLEADER

8. Western-Southern brings this action for interpleader relating to an individual life insurance policy bearing policy number *****19185, issued by Western-Southern in 1992 on the life of the Decedent (the "Policy"). A copy of the Policy is attached hereto as **Exhibit A**.

9. The Policy provides for a death benefit of $94,950.00 (the "Policy Benefit").

10. On or about May 15, 2017, Decedent submitted to Western-Southern a change in beneficiary request, designating Daves as the primary beneficiary under the Policy and Courtney Ann Criscoe, Decedent's niece, as the contingent beneficiary.

11. On or about April 23, 2020, Decedent submitted to Western-Southern a change in beneficiary request, naming the Estate of Roger Michael Evans as the sole primary beneficiary.

12. On or about September 4, 2020, Decedent submitted another change of beneficiary request, naming Daves as the sole primary beneficiary. No contingent beneficiary was designated.

13. Decedent died on December 23, 2020, while the Policy was still in force. A copy of the death certificate is attached hereto as **Exhibit B**.

14. The Policy Benefit became payable to the proper beneficiary(ies) upon Decedent's death.

15. Following Decedent's death, Western-Southern learned that Daves has been charged with the first-degree murder of Decedent.

16. Evans has submitted a claim for the Policy Benefit.

17. Western-Southern is in possession of the Policy Benefit in the amount of $94,950.00 and is ready, willing, and able to pay the Policy Benefit to the proper beneficiary.

18. "In North Carolina, a slayer may be barred from receiving a monetary benefit from the killing of another person by two means: (1) the slayer statute, N.C. Gen. Stat. §§ 31A-3, *et seq.*, under which a person convicted of killing is barred from acquiring any property or receiving any benefits resulting from the victim's death; and (2) the common law rule that no one may profit from their own wrongdoing." *Atwater v. Nortel Networks, Inc.*, 388 F. Supp. 2d 610, 615 (M.D.N.C. 2005).

19. North Carolina's slayer statute provides, in pertinent part, that "[i]nsurance and annuity proceeds payable to the slayer: (1) [a]s the beneficiary or assignee of any policy or certificate

of insurance on the life of the decedent, or (2) [i]n any other manner payable to the slayer by virtue of his surviving the decedent, shall be paid to the person or persons who would have been entitled thereto as if the slayer had predeceased the decedent. If no alternate beneficiary is named, insurance and annuity proceeds shall be paid into the estate of the decedent." N.C. Gen. Stat. Ann. § 31A-11.

20. If Daves is found guilty or liable for willfully and unlawfully killing Decedent, her right to the Policy Benefit is forfeited, and the Policy Benefit would be payable to Evans as Executor of Decedent's Estate.

21. As a mere stakeholder, Western-Southern has no interest in the Policy Benefit (except to recover attorneys' fees and costs associated with this action). Western-Southern therefore respectfully requests that this Court determine to whom the Policy Benefit should be paid.

22. Western-Southern should not be forced to serve as the trier of fact or law to determine who is entitled to the Policy Benefit; therefore, interpleader is proper, and Western-Southern should be permitted to deposit the funds into this Court's registry and be dismissed as a party.

23. Western-Southern stands ready, able, and willing to deposit into the registry of the Court the Policy Benefit, plus any applicable interest and less the reasonable attorneys' fees and costs associated with this action, upon issuance of an order authorizing such payment.

24. Accordingly, Western-Southern requests to submit the Policy Benefit due into the registry of the United States District Court in and for the Western District of North Carolina. It is requested that the Clerk of Court maintain the funds in the Court's registry until the proper beneficiary or beneficiaries of the proceeds are determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Western-Southern prays for judgment as follows:

(a) That Western-Southern be permitted to pay the Policy Benefit, less its attorneys' fees and costs, into the registry of the Court;

(b) That the Court order Daves and Evans to appear and answer and to set up whatever claims they may have in and to the Policy Benefit;

(c) That the Court make such judgment as necessary to determine who is properly entitled to the benefits under the Policy and direct the Clerk of Court to release the benefits in accordance with that judgment;

(d) That the Court enjoin Daves and Evans and their respective agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of the Policy Benefit and, upon final hearing, permanently enjoin and restrain Daves and Evans and their respective agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of the benefits under the Policy, or relating in any way to Western-Southern's actions with respect to the handling of these claims;

(e) That the Court dismiss Western-Southern as a party and discharge it from all further liability under the Policy;

(f) That Western-Southern be allowed to recover its costs and fees incurred to interplead this matter; and

(g) That the Court take such other steps as necessary to facilitate justice and grant such additional relief as is right and proper.

Respectfully submitted this the 4th day of January, 2023.

/s/ Hanna Eickmeier
C. Bailey King, Jr. (N.C. Bar No. 34043)
bking@bradley.com
Hanna Eickmeier (N.C. Bar No.: 54927)
heickmeier@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
Truist Center
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
P: (704) 338-6000 | F: (704) 332-8858

*Counsel for Western-Southern Life Assurance Company*