UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:23-cv-0003

WESTERN-SOUTHERN LIFE, )
ASSURANCE COMPANY )
 )
    Plaintiff, )
 )
v. ) ANSWER OF DEFENDANT EVANS
 ) TO PLAINTIFF'S COMPLAINT/
SHANNON NICOLE DAVES and ) CROSSCLAIM TO DEFENDANT DAVES
KIMBERLY DAWN EVANS, as )
Executor of the Estate of Roger M. Evans, )
 )
    Defendants. )

NOW COMES, Defendant, KIMBERLY DAWN EVANS as Executor of the Estate of Roger M. Evans, by and through the undersigned counsel, and answer the numbered allegations of the Plaintiff's Complaint as follows:

## PARTIES:

1. Admitted.

2. Admitted.

3. Admitted.

4. It is admitted that Roger Michael Evans ("Decedent") was the insured under a life insurance policy described in Plaintiff's complaint and that Evans is the decedent's surviving sister. All other allegations contained in paragraph 4 are denied.

## JURISDICTION AND VENUE:

5. Admitted.

6. Admitted.

7. Admitted.

1

## CLAIM FOR INTERPLEADER:

8. Admitted.

9. Admitted.

10. This Defendant lacks sufficient knowledge and information necessary to enable her to admit the truth or falsity of the allegations of this paragraph, so the same are therefore denied.

11. This Defendant lacks sufficient knowledge and information necessary to enable her to admit the truth or falsity of the allegations of this paragraph, so the same are therefore denied.

12. This Defendant lacks sufficient knowledge and information necessary to enable her to admit the truth or falsity of the allegations of this paragraph, so the same are therefore denied.

13. Admitted.

14. Admitted.

15. It is admitted that Daves has been charged with first degree murder of decedent.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. It is admitted that Plaintiff is a mere stakeholder, that interpleader is appropriate and that the Court should determine to whom the policy benefit should be paid between the Defendants. It is denied that Plaintiff should recover attorneys' fees and costs of this action.

22. Admitted.

23. It is admitted that Plaintiff should deposit into the registry of the Court the policy benefit, plus applicable interest, however, it is denied that Plaintiff should reduce the payment by its attorneys' fees and costs.

24. Admitted.

## CROSSCLAIM:

NOW COMES, the Defendant, KIMBERLY DAWN EVANS as Executor of the Estate of Roger Michael Evans, by and through undersigned counsel, and pursuant to Rule 13(g) of the Federal Rules of Civil Procedure asserts a crossclaim against the Defendant, SHANNON NICOLE DAVES, alleging and complaining as follows:

1. Defendant, Kimberly Dawn Evans as Executor of the Estate of Roger Michael Evans (hereinafter referred to as "Evans") is a citizen and resident of Randolph County, North Carolina.

2. That Evans is the Administrator of the Estate of Roger Michael Evans, File Number 20 E 1984, having been duly appointed Executor by Order of the Clerk on January 14, 2021.

3. That, upon information and belief, Defendant, SHANNON NICOLE DAVES (hereinafter referred to as "Daves") is a citizen and resident of Buncombe County, North Carolina.

4. That on or about December 23, 2020, Daves used a firearm and shot Roger Michael Evans (hereinafter referred to as "decedent") several times in his home in Buncombe County, North Carolina.

5. As a result of Daves' actions, Roger Michael Evans was severely injured, suffered tremendously, succumbing to his injuries and passed away on December 23, 2020.

6. That at the time of his death, decedent had in place a life insurance policy on his life with the Plaintiff, Western-Southern, said policy is attached to Plaintiff's complaint.

7. That on or about April 23, 2020, decedent submitted to Plaintiff a change in beneficiary request, naming the Estate of Roger Michael Evans as the sole primary beneficiary.

8. That on or about September 4, 2020, the designated beneficiary was changed to name Daves as the sole primary beneficiary. That upon information and belief, Daves either submitted this change of beneficiary form herself falsely claiming to be acting on decedent's behalf, or alternatively, decedent changed the beneficiary while under the undue influence and duress of Daves.

3

9. That notwithstanding any allegation that Daves was inappropriately named the beneficiary of the policy in September, 2020; Daves is barred from acquiring any property or receiving any benefits resulting from the decedent's death under the North Carolina slayer statute, N.C.Gen.Stat. §§31A-3, *et seq*.

10. That Daves, due to her actions in causing the death of decedent, should be barred from profiting from decedent's death under North Carolina common law.

11. That Evans, as executor of the Estate of Roger Michael Evans, is the appropriate beneficiary and should be awarded the policy benefit, along with appropriate interest.

12. That the Daves' actions on December 23, 2020, were malicious, willful and wanton and of such an outrageous and shocking nature that they entitle the Evans to an award of punitive damages against Daves.

## **MOTION TO STAY:**

NOW COMES, the Defendant, Evans, and moves the Court for a stay of proceedings between herself and Defendant, Daves, and in support thereof, shows the Court the following:

1. On December 23, 2020 Defendant Daves was charged and later indicted with the first-degree murder in the *State of North Carolina v. Shannon Nicole Daves,* Buncombe County Criminal Case Number 20 CRS 092012 (the "Criminal Case") following the death of Roger Michael Evans ("Decedent") on the same date.

2. That on December 20, 2021, Evans brought a civil action against Daves for the wrongful death of decedent in File Number 21 CVS 4983, Buncombe County Clerk of Superior Court (the "Civil Case").

3. That both the state based Criminal case and the state based Civil cases are still pending.

4. That this present case and both the Criminal and Civil cases filed in State court present overlapping, nearly identical factual and legal issues related to the circumstances surrounding the death of Roger Michael Evans.

5. That the state based civil case has been stayed pending the outcome at the trial level of the state based criminal case.

6. That the criminal case was tried before a jury in February 2023 and the jury deadlocked resulting in the declaration of a mistrial on February 13, 2023.

7. That it is expected that the criminal case will be rescheduled in either the late Summer months of 2023, December 2023 or January 2024, depending on the Court's and District Attorneys' scheduling.

8. That the parties hereto, have no control over the scheduling of the criminal trial.

9. That a stay in this action, which would allow for the completion of both state criminal and civil cases prior to a determination in the present case, is in the best interests of the parties and in the interests of judicial economy and justice, given the substantial overlap of facts and issues presented.

WHEREFORE, the Defendant Evans prays the Court the following:

1. That the Plaintiff Western-Southern be permitted to pay the Policy Benefit, plus any applicable interest, into the registry of the Court;

2. That Court dismiss the Plaintiff as a party to this action;

3. That the Court enter a stay of the proceedings between the Defendant Evans and Defendant Daves until such time as the state based criminal and civil cases have been resolved at the trial level;

4. That the Court determine that Defendant Evans is the rightful beneficiary of the policy benefit and Order that the funds be released to the Estate of Roger Michael Evans;

5. For any costs, including attorneys' fees, be assessed against Defendant Daves;

6. For a trial by jury of any triable fact; and

7. For any such other and further relief as the Court deem just and appropriate.

This the 5th day of April, 2023.

THE SUTTON FIRM, P.A.

John R. Sutton, Jr.
N.C. Bar No. 29625
P.O. Box 145
Candler, NC 28715
(828) 667-5476
(828) 667-0976 (fax)
jsuttonjr@suttonfirm.com

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has, on this date, electronically filed this Answer of Defendant Evans with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

C. Bailey King, Jr.
Hanna Eickmeier
BRADLEY ARANT BOULT CUMMINGS, LLP
Truist Center
214 North Tryon Street, Suite 3700
Charlotte, NC 28202

This the 5th day of April, 2023.

THE SUTTON FIRM, P.A.

_____
John R. Sutton, Jr.