IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-CV-00003-MR-WCM

| | | |
|---|---|---|
| WESTERN-SOUTHERN LIFE ASSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| SHANNON NICOLE DAVES; and KIMBERLY DAWN EVANS, as Executor of the Estate of Roger M. Evans, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Defendants' Joint Motion to Grant Plaintiff's Request to Deposit Funds and Stay All Proceedings on Crossclaims (the "Motion to Stay," Doc. 12), and Defendant Shannon Nicole Daves' Motion for Extension of Time to Answer or Otherwise Respond (the "Motion for Extension of Time," Doc. 14).

I. Relevant Background

Roger Michael Evans ("Decedent") died on December 23, 2020. Doc. 13, at 1; Doc. 13-3 at ¶ 1. Shannon Nicole Daves ("Daves") was charged and later indicted in the Superior Court of Buncombe County, North Carolina with first-degree murder in Criminal Case Number 20 CRS 092012 (the "Criminal Case"). Doc. 13–3 and ¶ 1.

1

Approximately one year later, on December 20, 2021, Kimberly Evans ("Evans"), who is Decedent's sister and the executor of his estate, filed a wrongful death action against Daves in the Superior Court of Buncombe County bearing file number 21 CVS 4983 (the "Wrongful Death Case"). Doc. 13-3 at ¶ 2.

On February 14, 2022, at the request of Daves and with Evans' consent, all proceedings in the Wrongful Death Case were stayed through and including August 14, 2022. Doc. 13–3 at ¶ 7. The stay was subsequently extended through and including February 6, 2023 and then through and including February 28, 2023. Id. at ¶¶ 10, 12.

The Criminal Case was tried in February 2023 but ended with a mistrial. Id. at ¶¶ 11, 13.

By a consent order filed on May 1, 2023, the Superior Court of Buncombe County stayed all proceedings in the Wrongful Death Case until a final judgment (excluding any appeals), whether by jury verdict or guilty plea, is reached in the Criminal Case. Doc. 13-3 at 3.

## II. The Instant Litigation and the Pending Motions

On January 4, 2023, Plaintiff Western-Southern Life Assurance Company ("Plaintiff") filed this interpleader action. Doc. 1. In summary, Plaintiff alleges that it issued a life insurance policy in 1992, that on or about September 4, 2020, Decedent submitted a change of beneficiary request

2

naming Daves as the sole primary beneficiary of the policy, that the death benefit under the policy ("Policy Benefit") became payable upon Decedent's death, and that Evans has submitted a claim for the Policy Benefit.

Plaintiff states that it is ready, willing, and able to pay the Policy Benefit to the proper beneficiary but that if Daves is found guilty or liable for willfully and unlawfully killing Decedent, her right to the Policy Benefit will be forfeited and the funds would be payable to Evans as the executor of Decedent's estate.

Plaintiff requests that it be allowed to pay the Policy Benefit into the registry of the Court and that the Clerk maintain the funds until the proper beneficiary is determined.

On April 5, 2023, Evans filed an answer to Plaintiff's Complaint and a Crossclaim against Daves. Doc. 6.

Daves was served on August 26, 2023. Doc. 9. Her answer deadline with respect to both Plaintiff's Complaint and Evans' Crossclaim was extended to October 10, 2023.

The pending motions were filed on October 6 and October 9, respectively.

3

III. Discussion

### A. The Motion to Stay

#### 1. The Requested Stay

Daves and Evans request that all further proceedings in this case be stayed pending resolution of the Wrongful Death Case or, alternatively, until the Criminal Case concludes. They also ask that the Court allow Plaintiff to pay the Policy Benefit into the registry of the Court and dismiss Plaintiff from further liability under the Policy.

In support of their request, Daves and Evans contend that the real dispute is between them, that the most expeditious way to resolve the core issue of the instant case–whether the North Carolina "slayer statute" bars Daves' entitlement to the Policy Benefit–is to allow this issue to be litigated before the North Carolina state courts. In that regard, Daves and Evans state that if the Criminal Case does not definitively resolve the issue, it will be resolved in the context of the Wrongful Death Case.

#### 2. Relevant Legal Principles

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Maryland v. Universal Elections, Inc., 729 F.3d 370, 375 (4th Cir. 2013) (quoting United States v. Ga. Pac. Corp.,

4

562 F.2d 294, 296 (4th Cir.1977) ("The grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment 'to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'")).

A party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." Landis, 299 U.S. at 255; see also Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983) ("The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative.").

The existence of related criminal proceedings does not, by itself, require that a civil action be stayed. See, e.g., Ashworth v. Albers Med., Inc., 229 F.R.D. 527, 530 (S.D.W. Va. 2005) ("Because of the frequency with which civil and regulatory laws overlap with criminal laws, American jurisprudence contemplates the possibility of simultaneous or virtually simultaneous parallel proceedings and the Constitution does not mandate the stay of civil proceedings in the face of parallel criminal proceedings."); Keating v. OTS, 45 F.3d 322, 324 (9th Cir. 1995) (noting that "[t]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings.").

5

Rather, courts within the Fourth Circuit have decided motions requesting that a civil matter be stayed pending the conclusion of a criminal proceeding on a case-by-case basis and have considered multiple factors in doing so. For example, in Ashworth v. Albers Medical, Inc., in addition to the threshold "requirement of the existence of a nexus between the parallel proceedings sufficient to show that such proceedings are related and involve substantially similar issues," the court referenced the plaintiff's interest, the defendants' interests, the court's interests, third-party interests, and the public interest. 229 F.R.D. 527 (S.D.W. Va. 2005); see also Reeves v. Town of Cottageville, No. 2:12-CV-02765-DCN, 2013 WL 1566635, at *2 (D.S.C. Apr. 12, 2013) citing Ashworth ("Although the Fourth Circuit has not adopted an explicit set of factors to consider when determining whether to implement a stay, at least one court within the circuit has applied a five-factor test adopted by a variety of courts across the country.")

### 3. Discussion

Here, having carefully reviewed the Motion to Stay and the associated materials and having weighed the factors referenced in the authorities cited above, the Court concludes that a partial stay of this matter is warranted. In particular, the Court finds that this case should be stayed pending completion of the Criminal Case.

6

The Criminal Case and this litigation are substantially related. Determining the circumstances under which Decedent died is central to both matters; the Criminal Case will reveal whether Daves bears any criminal responsibility for that event, while the question of whether Daves should be considered a "slayer" under North Carolina law will be addressed in the instant matter. See Atwater v. Nortel Networks, Inc., 388 F. Supp. 2d 610, 615 (M.D.N.C. 2005) ("In North Carolina, a slayer may be barred from receiving a monetary benefit from the killing of another person by two means: (1) the slayer statute, N.C. Gen.Stat. §§ 31A–3 *et seq.,* under which a person convicted of killing is barred from acquiring any property or receiving any benefits resulting from the victim's death; and (2) the common law rule that no one may profit from their own wrongdoing.") (citations omitted).

Plaintiff consents to the Motion to Stay, though the Motion to Stay does not indicate whether Plaintiff would oppose a stay if Plaintiff were not allowed to pay the Policy Benefit into the registry of the Court and be dismissed at this stage of the proceedings.

Evans also consents to the Motion to Stay.

As for Daves, "[t]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil ... action involving the same matter," SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375–76 (D.C. Cir.

7

1980). This matter presents just such a situation. Daves has been indicted, and tried once, in state court for the murder of Decedent. She intends to defend the charge during the forthcoming re-trial in part on the grounds of self-defense. While Daves could assert her Fifth Amendment privilege against compulsory self-incrimination in this interpleader case if it were to proceed, invocation of that privilege could have adverse consequences. See Drolett v. Robinson, No. 1:20-CV-213-MR-WCM, 2021 WL 737135, at *4 (W.D.N.C. Feb. 25, 2021).

Neither the Court's interest nor the interest of the public weighs substantially against a stay of this matter pending completion of the Criminal Case. This case was filed in early January 2023 and has been slow to develop. However, the pending Motions were filed in a timely manner after Daves was served. Further, the materials submitted indicate that the re-trial of the Criminal Case should occur in late 2023 or early 2024.

The undersigned is not persuaded, however, that this matter should be stayed pending resolution of the Wrongful Death Case, as the current record does not indicate how far that case has progressed or when the parties expect the Wrongful Death Case will be completed.

Finally, the undersigned is also not persuaded that Defendants' request that Plaintiff be permitted to deposit the Policy Benefit and be dismissed from the case should be addressed entirely in the context of the Motion to

8

Stay. Plaintiff will be directed to deposit the Policy Benefit with the Clerk. Determining whether Plaintiff should be dismissed from this action and discharged from further liability from the disputed funds, however, will require the consideration of multiple factors. See Wells Fargo Bank, N.A. v. Se. Biofeedback & Clinical Neuroscience Ass'n, No. 1:20-CV-00302-MR, 2021 WL 1268383, at *2 (W.D.N.C. Apr. 6, 2021) ("In evaluating whether interpleader has been properly invoked, a court must determine whether: (1) it has jurisdiction over the suit; (2) a single fund is at issue; (3) there are adverse claimants to the fund; (4) the stakeholder is actually threatened with multiple liability; and (5) there are any equitable concerns that would prevent the use of interpleader.") (citations omitted). These issues, as well as questions associated with Plaintiff's request for costs and attorney's fees, are more appropriately determined at a later stage of the proceedings.

### B. The Motion for Extension of Time

Daves seeks an extension of time to answer Plaintiff's Complaint and to respond to Evans' Crossclaim until fourteen days after the lifting of the stay. Doc. 14.

Consistent with the allowance of the Motion to Stay, this motion will also be granted.

**IT IS THEREFORE ORDERED THAT:**

1. "Defendants' Joint Motion to Grant Plaintiff's Request to Deposit Funds and Stay All Proceedings on Crossclaims" (Doc. 12) is **GRANTED IN PART**. Specifically, this matter is **STAYED** until a final judgment (excluding any appeals), whether by jury verdict or guilty plea, is entered in the Criminal Case. In the meantime, Defendants **SHALL FILE** a Joint Status Report every ninety (90) days advising of the status of the Criminal Case.

2. The "Motion for Extension of Time for Defendant Shannon Nicole Daves to Answer or Otherwise Respond" (Doc. 14) is **GRANTED** and the deadline for Daves to file an answer or other response to Plaintiff's Complaint and a reply to Evans' Crossclaim is **EXTENDED** to and including fourteen (14) days from the date on which the stay is lifted.

3. Plaintiff is **DIRECTED TO DEPOSIT** the Policy Benefit with the Clerk by December 15, 2023.

Signed: November 27, 2023

W. Carleton Metcalf
United States Magistrate Judge