IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00003-MR

| WESTERN-SOUTHERN LIFE ASSURANCE COMPANY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **O R D E R** |
| SHANNON NICOLE DAVES, | ) |  |
| Defendant/ Cross-Defendant, | ) |  |
| and | ) |  |
| KIMBERLY DAWN EVANS, as Executor of the Estate of Roger M. Evans, | ) |  |
| Defendant/ Cross-Claimant. | ) |  |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Dismiss and for Discharge, Permanent Injunction, and Attorney's Fees and Costs [Doc. 19].

## I.  BACKGROUND

On January 4, 2023, the Plaintiff Western-Southern Life Assurance Company initiated this interpleader action pursuant to Rule 22 of the Federal

Rules of Civil Procedure against Shannon Nicole Daves and Kimberly Dawn Evans, seeking the Court's distribution of $97,805.76 in life insurance proceeds under its control. [Doc. 1]. The Plaintiff had issued a life insurance policy ("Policy No. *****19185") to Roger Michael Evans, who is now deceased. [Id.]. The named policy beneficiary, Defendant Shannon Nicole Daves, has been charged with the first-degree murder of Mr. Evans. [Id.]. Defendant Kimberly Dawn Evans is Mr. Evans' sister as well as the executor of his estate. [Id.].

On April 5, 2023, Defendant Evans filed an Answer and Crossclaim against Defendant Daves. [Doc. 6]. On November 27, 2023, the Court issued an Order staying this matter until a final judgment had been reached in the related state court criminal case against Daves. [Doc. 15]. On December 13, 2023, the Plaintiff filed a Notice of Submission of Funds indicating that it had deposited $97,805.76 into the Court's registry. [Doc. 16].

On July 25, 2024, the Plaintiff filed the present Motion seeking its dismissal from the case with prejudice and discharging it from all further liability relating to the Policy No. *****19185. [Doc. 19]. The Plaintiff's Motion also seeks an award of reasonable attorney's fees and costs. [Id.]. Both of

the Defendants have filed Responses indicating that they do not oppose the Plaintiff's Motion. [Docs. 21, 22].

## II. DISCUSSION

Rule 22 of the Federal Rules of Civil Procedure allows a party who faces potential double or multiple liability to join the prospective claimants as defendants in a single action "and efficiently resolve their claims to a corpus in a single forum and proceeding." AmGuard Ins. Co. v. SG Patel & Sons II LLC, 999 F.3d 238, 244 (4th Cir. 2021) (citation and internal quotation marks omitted). The stakeholder in an interpleader action "makes no claim to a part of the money or property for itself and is indifferent as to which claimant should receive the money and property and simply deposits the money or property with the court for distribution to the claimants." Colonial Life & Acc. Ins. Co. v. Bryant, No. 1:21-cv-00332-MR, 2022 WL 5027526, at *4 (W.D.N.C. Oct. 4, 2022) (quoting AmGuard Ins. Co., 999 F.3d at 244) (internal quotation marks omitted). "Once the stakeholder has deposited the property with the court, the stakeholder is discharged." Id. (citation and internal quotation marks omitted).

Here, the Plaintiff has fulfilled its obligations under the disputed life insurance policy by depositing the disputed funds with the Court. The Defendants do not oppose the Plaintiff's motion for discharge and for

3

Case 1:23-cv-00003-MR-WCM    Document 24    Filed 08/26/24    Page 3 of 6

permanent injunction.  Accordingly, the Plaintiff will be discharged from any liability in this action and dismissed with prejudice.  Furthermore, the Court will enjoin the Defendants from initiating or prosecuting any claim or action against the Plaintiff on account of or pertaining to Policy No. *****19185 or its proceeds.

The Plaintiff also requests an award of attorneys' fees and costs related to the prosecution of this action.  The Court in its discretion may award attorney's fees and costs "to the stakeholder in an interpleader action . . . whenever it is fair and equitable to do so."  State Farm Life Ins. Co. v. Cull, No. 5:20-CV-00686-M, 2021 WL 2931415, at *3 (W.D.N.C. July 12, 2021) (citation omitted).  In determining whether to award fees and costs, the Court may consider the following factors: "whether the opposing party has acted in bad faith, whether the interpleader is disinterested in the litigation, whether interpleader plaintiff seeks to improperly transfer an ordinary cost of doing business to the claimants, and whether attorney's fees and costs would seriously deplete the fund deposited in court through the allowance of large fees to interpleader plaintiff's counsel."  State Farm Life Ins. Co. v. Littleton, No. 7:20-CV-36-FL, 2020 WL 4432381, at *3 (E.D.N.C. July 31, 2020) (citations omitted).

Here, counsel billed the Plaintiff for 31.7 hours of attorney time and 9.5 hours of paralegal time related solely to this action. [Doc. 19-1: Affidavit of Hanna E. Eickmeier at ¶ 3]. While it incurred greater fees, the Plaintiff seeks to recover $7,335.43 in attorneys' fees and $1,249.01 in costs related to the prosecution of this action. [Id. at ¶¶ 4-5]. The Defendants consent to an award of such fees and costs. [Id. at ¶ 6; Docs. 21, 22]. Moreover, the Plaintiff's requested attorneys' fees and costs will not significantly deplete the Policy's proceeds, as the total amount requested ($8,584.44) represents only 9.0% of the deposited amount of proceeds. Accordingly, the Court will allow the Plaintiff to recover $7,335.43 in attorneys' fees and $1,249.01 in costs from the deposited funds.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Dismiss and for Discharge, Permanent Injunction, and Attorney's Fees and Costs [Doc. 19] is **GRANTED,** and the Plaintiff is hereby **DISMISSED WITH PREJUDICE** from this action. The Clerk of Court shall issue payment in the amount of $8,584.44 in attorneys' fees and costs to the Plaintiff Western-Southern Life Assurance Company from the funds deposited with the Registry of the Court.

**IT IS FURTHER ORDERED** that the Defendants/Claimants Shannon Nicole Daves and Kimberly Dawn Evans, as Executor of the Estate of Roger M. Evans, and their respective agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, are hereby **ENJOINED AND RESTRAINED** from instituting or pursuing any state or federal court action for the recovery of the benefits under the subject Policy, or relating in any way to the Plaintiff's actions with respect to the handling of these claims

**IT IS SO ORDERED.**

Signed: August 26, 2024

Martin Reidinger
Chief United States District Judge