IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No.: 1:23-cv-0003

| | |
|---|---|
| WESTERN-SOUTHERN LIFE ASSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>SHANNON NICOLE DAVES,<br><br>    Defendant/Cross-Defendant,<br><br>and<br><br>KIMBERLY DAWN EVANS, as Executor of the Estate of Roger M. Evans,<br><br>    Defendant/Cross-Claimant. | **SHANNON NICOLE DAVES' ANSWER TO CROSSCLAIM** |

Pursuant to Rule 7(a)(4) of the Rules of Civil Procedure, Shannon Nicole Daves ("Daves") answers the Complaint and the Crossclaim of Kimberly Dawn Evans ("Evans") as follows:

## COMPLAINT FOR INTERPLEADER:

1. Admitted, on information and belief.

2. Admitted that Daves is a citizen and resident of Buncombe County, North Carolina. Except as admitted, denied.

3. Admitted, on information and belief.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

1

8. Admitted.

9. Admitted, on information and belief.

10. Admitted, on information and belief.

11. Admitted, on information and belief.

12. Admitted, on information and belief.

13. Admitted.

14. Admitted, on information and belief.

15. Admitted, on information and belief.

16. Admitted, on information and belief.

17. Admitted, on information and belief.

18. It is admitted that N.C. Gen. Stat. § 31A-3, et seq. operates as alleged. It is further alleged that pursuant to N.C. Gen. Stat. § 31A-12.1, any related common law rules are wholly supplanted by the statute. Allegations related to application of a common law rule are denied.

19. Admitted that the statute states as alleged.

20. Admitted that, if it is determined that Daves is a "slayer" within the meaning of N.C. Gen. Stat. § 31A-3(3), the proceeds would be payable to the Decedent's estate.

21. Admitted.

22. Admitted.

23. Admitted, on information and belief.

24. Admitted, on information and belief.

## CROSSCLAIM:

1. Admitted, on information and belief.

2. Admitted, on information and belief.

3. Admitted, on information and belief.

4. Admitted that the events occurred as alleged in the home shared by Decedent and Daves.

5. Admitted that Decedent passed away as a result of his injuries on the date alleged. Daves is without sufficient information to form a belief as to the remaining allegations, and the same are therefore denied.

6. Admitted.

7. Admitted, on information and belief.

8. Admitted that Decedent designated Daves as the beneficiary on or about September 4, 2020. Except as admitted, denied.

9. Admitted that Daves would be barred from acquiring the proceeds of the disputed life insurance policy if the North Carolina slayer statute, N.C. Gen. Stat. § 31A-3, et seq. ("the Statute"), is deemed to apply. Denied that the Statute applies in this case.

10. Denied.

11. Admitted that the Estate of Roger Michael Evans is the appropriate beneficiary if the Statute applies. Denied that the Statute applies.

12. Denied.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c), Daves alleges the following affirmative defenses:

1. Daves's actions on December 23, 2020 were neither willful nor unlawful;
2. Daves's actions on December 23, 2020 were undertaken in defense of self;
3. Daves's actions on December 23, 2020 were justified;

3

4. Daves was not the aggressor in the interaction that resulted in the Decedent's death on December 23, 2020;
5. Daves reasonably believed it was necessary to use deadly force on the night of Decedent's death;
6. The Decedent's negligence contributed in whole or in part to any damages allegedly suffered by him or the Estate;
7. Daves specifically reserves the right to amend this Answer to supplement with any additional defenses that may become available during the course of discovery, or to otherwise assert motions as may be allowed by the Rules of Civil Procedure.

WHEREFORE, Interpleader and Crossclaim Defendant Shannon Nicole Daves respectfully requests relief as follows:

1. An order declaring the rights of Daves in the disputed insurance policy benefits, plus interest as may have accrued or be allowed by law;
2. Distribution of the disputed insurance policy benefits, plus interest, to Daves;
3. Costs, including reasonable attorney's fees, as allowed by law;
4. Denial of Evans' request for recovery of costs and attorney's fees;
5. A trial by jury on all issues; and
6. Such other relief as the Court may find just and proper.

Respectfully submitted, this the 12th day of September, 2024.

                                        **THE VAN WINKLE LAW FIRM**

                                        *s/Heather Whitaker Goldstein*
                                        Heather Whitaker Goldstein, NC Bar #26194
                                        Marie Claire O'Leary Smith, NC Bar #54943
                                        11 North Market St.
                                        Asheville, NC 28801
                                        Telephone: (828) 258-2991
                                        Facsimile: (828) 257-2773
                                        Email: hgoldstein@vwlawfirm.com
                                        Email: mcolearysmith@vwlawfirm.com

                                        ***Attorneys for Defendant/Cross-Defendant Shannon Nicole Daves***

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record that have made an appearance in this case.

This the 12th day of September, 2024.

                                             *s/Heather Whitaker Goldstein*
                                             Heather Whitaker Goldstein